IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Accentuated Luxury LLC, an Illinois Limited Liability Company, DeVon Sykes<br><br>Plaintiffs,<br><br>and<br><br>Mielle Organics LLC, a Delaware Limited Liability Company, and Melvin and Monique Rodriguez,<br><br>Defendants. | Case No. 1:25-cv-04394<br><br>Jury Demand |

**BREACH OF CONTRACT COMPLAINT**
**28 U.S.C. §1332: Diversity of Citizenship**

Now comes Plaintiffs Accentuated Luxury LLC ("Accentuated Luxury") and DeVon Sykes ("Ms. Sykes"), (collectively, "Plaintiffs") through their attorney, Glori C. Bond, of The Bond Legal Group, LLC and in complaining of the Defendants Mielle Organics LLC ("Mielle"), Melvin Rodriguez ("Melvin"), and Monique Rodriguez ("Monique") (collectively, "Defendants"), states as follows:

**NATURE OF THE ACTION**

1. This action arises from a breach of contract between the Plaintiffs and the Defendants as it pertains to design services which includes, but is not limited to interior as well as exterior design rendered to the Defendants at their Mielle Organics corporate office and warehouse located in Merrillville, Indiana (hereinafter, the "Mielle Headquarters"), their home in St. John, Indiana (hereinafter, the "St. John Home") and their home located in Southwest Ranches, Florida (hereinafter, the "Florida Home").

1

2. Accentuated Luxury was the sole entity contracted to provide interior as well as exterior design and decorating services, in which Ms. Sykes managed and oversaw any and all design projects at the Mielle Headquarters, the St. John Home, as well as the Florida Home.

3. Upon acceptance of this agreement, Ms. Sykes, on behalf of her company, Accentuated Luxury, began to design, travel, measure and source for items to go into the Defendants' St. John Home, Florida Home and Mielle Headquarters. The Defendants paid the Plaintiffs $10,000.00 a month to perform interior as well as exterior design services.

4. Due to the scale of the home in Florida Home, St. John Home and Mielle Headquarters, this endeavor took a lot of time, thought, planning, attention to detail, and traveling from Lombard, Illinois to various parts of Florida and Indiana.

5. Ms. Sykes traveled to Atlanta, California, Dallas, and various parts of South Florida to source items, materials, furniture and finishings for the Florida Home.

6. Over the course of the next two years, Ms. Sykes, on behalf of her company, Accentuated Luxury, designed specialty items and pieces, sourced and negotiated with different vendors, often purchasing the items and assuming the merchandise taxes. Taxes were often charged at the end of a design job and were not included in the original price. Those taxes were due and payable upon completion of a design project.

7. Ms. Sykes would readily make herself available to the Defendants' and would often pick up and leave at the Defendants' beck and call to ensure that their needs were being met, and project timelines were being honored.

8. Ms. Sykes, on behalf of her company, Accentuated Luxury, would often purchase the necessary design elements, products and materials in advance and waited in good faith to be reimbursed by the Defendants.

9. The Defendants failed to pay the Accentuated Luxury retainer on more than one occasion, and did not reimburse Ms. Sykes, for the work and services performed. The Defendants also did not reimburse Ms. Sykes for the furniture, finishings, and taxes accumulated even though she performed her obligations under the contract.

10. Despite repeated requests for payment and reimbursement, the Defendants have failed to pay any outstanding amounts due, including the retainer fee, all travel expenses in relation to completion of the Florida Home, St. John Home, and Mielle Headquarters, accumulated balances for services rendered, and the reimbursement for the design elements, materials, and taxes. This failure to pay has caused ongoing financial harm to Ms. Sykes and Accentuated Luxury, which has been unable to meet its financial obligations due to the Defendants' breach of contract.

11. Plaintiffs bring this action for equitable relief and to recover damages and restitution for: (i) breach of contract, (ii) breach of contract (implied) (iii) unjust enrichment, and (iv) detrimental reliance.

**PARTIES**

12. Plaintiff DeVon Sykes is a resident of Lombard, Illinois and is a citizen of Illinois. Ms. Sykes planned, designed, purchased, sourced and executed the designs for Mielle Headquarters, and Melvin and Monique's St. John and Florida Homes.

13. Accentuated Luxury is an Illinois Limited Liability Company, that is owned by DeVon Sykes, in which the Defendants entered into an agreement to perform design and decorating services for the Mielle Headquarters, St. John Home and Florida Home.

14. At all times relevant to the causes of action alleged in this complaint, Ms. Sykes was the owner and Head Designer for Accentuated Luxury and/or is the sole successor-in-interest

3

to Accentuated Luxury LLC and thus is entitled to payments owed Accentuated Luxury LLC as well as all other relief awarded by this Court whether at law or equity.

15. Defendant Mielle Organics LLC is a Delaware limited liability company having its executive offices and principal place of business at 8707 Louisiana St. Merrillville, IN 46410-7150.

16. Defendant Mielle owns the warehouse and corporate offices located in Merrillville, Indiana in which the Plaintiffs performed design services.

17. Defendant Melvin Rodriguez is the owner of both the St. John Home, and Florida Home in which the Plaintiffs rendered and performed design services.

18. Defendant Monique Rodriguez is the owner of both the St. John Home and Florida Home in which the Plaintiffs rendered and performed design services.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. The matter in controversy exceeds the sum or value of $75,000.00 and the Plaintiffs and Defendants are citizens of different states. The amount in controversy for this action is One Hundred Nine Thousand One Hundred Ninety-One Dollars and 45/100 cents ($109,191.45).

20. The Plaintiff, Devon Sykes, is a citizen of the State of Illinois.

21. The Plaintiff, Accentuated Luxury LLC, is a limited liability company, and is organized under the laws of the state of Illinois.

22. The Defendant Mielle Organics is a Delaware limited liability company and is organized under the laws of the state of Delaware.

23. Defendant Melvin Rodriguez is a citizen of the state of Indiana.

24. Defendant Monique is a citizen of the state of Indiana.

25. This Court has personal jurisdiction over Mielle Organics because, upon information and belief, Mielle has minimal contacts within Illinois and in this judicial district; Mielle purposely avails itself of the privileges of conducting business in the State of Illinois and in this judicial district; and, by its failure to fully compensate Accentuated Luxury and Ms. Sykes, Mielle has harmed Ms. Sykes and Accentuated Luxury within this judicial district.

26. This Court has personal jurisdiction over Melvin and Monique Rodriguez because, upon information and belief, Melvin and Monique have minimal contacts within Illinois and in this judicial district; Melvin and Monique entered into a contract with Accentuated Luxury and Ms. Sykes and by their failure to fully compensate Accentuated Luxury and Ms. Sykes, Melvin and Monique have harmed Ms. Sykes and Accentuated Luxury within this judicial district.

27. Venue is proper in this judicial district because the acts of the Defendants complained of in this action occurred in this district and elsewhere and the Defendants have caused harm to the Plaintiffs in this District.

### BREACH OF CONTRACT BACKGROUND ALLEGATIONS

28. The relationship between the Plaintiffs and the Defendants began in May 2019.

29. Ms. Sykes performed the work at the center of this cause of action on behalf of the Defendants from June 2021 until August 2023.

30. During June 2021 through August 2023 Ms. Sykes traveled the country designing, sourcing and overseeing the design, production and project management of the design projects at the Mielle Headquarters, St. John Home and the Florida Home.

31. On July 28, 2023, Ms. Sykes suffered a devastating fire in her home. Due to that fire Ms. Sykes was unable to be at the Defendants' beck and call. She had lost her home and everything she owned. She was displaced. However, she continued to uphold her work obligations for the Defendants to the best of her ability given the circumstances.

32. On August 11, 2023, the Defendants terminated their business relationship with the Plaintiffs.

33. At the time the Defendants terminated their business relationship with the Plaintiffs, the Defendants owed One Hundred Nine Thousand, One Hundred Ninety-One Dollars and 45/100 ($109,191.45) (hereinafter, "Outstanding Balance"). The Outstanding Balance includes design services, monthly retainers, travel expenses, design elements, materials and taxes. (Exhibit A).

34. The Defendants paid the Plaintiffs $10,000.00 a month to perform interior as well as exterior design services. The retainers for June and July 2023 remain outstanding.

35. Despite repeated requests for payment and reimbursement, the Defendants have failed to pay the Outstanding Balance due for the design services and project management from June 2021 through August 2023, in relation to the completion of the Florida Home, St. John Home and Mielle Headquarters (hereinafter, "Services Rendered").

36. On March 27, 2024, Ms. Sykes contacted the Defendants and requested payment for the Outstanding Balance owed for the Services Rendered, with backup documentation. (Exhibit B).

37. On April 04, 2024, Ms. Sykes contacted the Defendants again requesting payment for the Outstanding Balance and Services Rendered with backup documentation as follow-up to her previous March 27, 2024, correspondence. Ms. Sykes received no response. (*Id.*)

38. Ms. Sykes contacted the Defendants for a third time on April 16, 2024, requesting acknowledgement of her March 27, 2024, and April 04, 2024, correspondence and again requested payment for the Outstanding Balance.

39. On May 28, 2024, Ms. Sykes, in a final effort to resolve this matter outside of the courts, contacted the Defendants again requesting payment for the Outstanding Balance for the Services Rendered to no avail.

40. On June 21, 2024, Ms. Sykes, through her attorney, contacted the Defendants regarding the Outstanding Balance and Services Rendered along with backup documentation that included receipts.

41. On or around September 2024, Ms. Sykes addressed the matter of the Outstanding Balance publicly.

42. Ms. Sykes through her attorney, in good faith engaged in Settlement discussions in an attempt to resolve this matter.

## **COUNT I-BREACH OF CONTRACT**

43. The Plaintiffs incorporates by reference and re-alleges Paragraphs 1-42 as if fully set forth herein.

44. Ms. Sykes, on behalf of her company, Accentuated Luxury, entered into a contract to design the Headquarters on June 04, 2021 (hereinafter "the Contract"). (Exhibit C).

45. Ms. Sykes, on behalf of her company, Accentuated Luxury, entered into a contract with Monique and Melvin to design their St. John home on June 04, 2021 (hereinafter "the Contract"). (*Id.*)

46. Ms. Sykes, on behalf of her company, Accentuated Luxury, entered into a contract with Monique and Melvin to design their Florida Home on June 04, 2021 (hereinafter "the Contract"). (*Id.*)

47. As a part of this Contract, Accentuated Luxury received a $10,000 a month retainer to perform interior as well as exterior design and decorating services at the Headquarters, St. John Home and Florida Home. (Exhibit D)

48. From June 2021 until August 2023, Ms. Sykes traveled from Lombard, Illinois to California, Atlanta, Georgia, Dallas, Texas, and various parts of southern Florida to design and source different design elements and furnishings for the Defendants' Mielle Headquarters, St. John Home and the Florida Home (hereinafter collectively "the Properties"). (Exhibit A).

49. Ms. Sykes met with Melvin and Monique consistently to discuss design outlines, floor plans, design elements, materials, timing, measurements, fabrics, and project details etc. to ensure that their vision for the Properties were complete.

50. On August 11, 2023, Melvin terminated the business relationship between the Defendants and the Plaintiffs.

51. Ms. Sykes reached out to Melvin to obtain payment for the Services Rendered and Outstanding Balance due.

52. On August 11, 2023, Ms. Sykes received the following message from Melvin that stated, "whatever money is owed to you please send me proof of what is owed, and I will be happy to pay what's owed". (Exhibit E).

53. Ms. Sykes and Accentuated Luxury never received payment for the Services Rendered and Outstanding Balance due that was owed prior to the termination of the business relationship.

54. As a result of non-payment under the Contract Ms. Sykes and her company, Accentuated Luxury suffered damages and harm.

55. As a result of non-payment under the Contract Ms. Sykes and Accentuated Luxury had to pay up front costs for purchases, materials, air travel, ground transportation, lodging, and taxes without proper compensation or reimbursement.

56. Due to non-payment, Ms. Sykes and Accentuated Luxury fell behind on other payments and financial obligations that had a detrimental impact on Accentuated Luxury's financial business holdings as well as Ms. Sykes personal financial holdings.

57. Ms. Sykes and Accentuated Luxury has sustained damage as a direct and proximate result of the Defendants' breach of Contract in an amount which, upon information and belief, exceeds $75,000 in the amount of $109,191.45, exclusive of interest and costs.

### COUNT II- BREACH OF CONTRACT (IMPLIED IN FACT)

58. The Plaintiffs incorporates by reference and re-alleges Paragraphs 1-57 as if fully set forth herein.

59. On June 04, 2021, Ms. Sykes, on behalf of her company Accentuated Luxury conferred with Melvin and Monique regarding performing design services for the aforementioned Properties.

60. Ms. Sykes received a $10,000 per month retainer in exchange for her services which included but were not limited to design elements, purchasing products, furnishings, materials, as well as performing project management duties. (Exhibit F).

61. Ms. Sykes performed her obligations under the Contract by traveling across the country to source items, working directly with vendors and manufactures, coordinating the delivery of the purchases, and working hand in hand with the Defendants to design the Properties that reflected their wishes and standards.

62. Ms. Sykes continued to perform the Services Rendered even though she had not received payment. Ms. Sykes fronted the costs, fees and taxes associated with the understanding that she would be reimbursed by the Defendants for the work completed.

63. As a result of non-payment Ms. Sykes and Accentuated Luxury suffered harm and damages.

64. Non-payment of the Outstanding Balance for the Services Rendered created financial instability for Ms. Sykes personal finances and for Accentuated Luxury.

65. Ms. Sykes and Accentuated Luxury has sustained damage as a direct and proximate result of the Defendants' breach of Contract in an amount which, upon information and belief, exceeds $75,000 in the amount of $109,191.45, exclusive of interest and costs.

## COUNT III- UNJUST ENRICHMENT

66. The Plaintiffs incorporates by reference and re-alleges Paragraph 1-65 as if fully stated herein.

67. Plaintiffs conferred a benefit on Defendants in the form of providing design which includes, but is not limited to interior as well as exterior services, project management, sourcing designs, materials, products and designing a home from conception.

68. Defendants voluntarily accepted and retained benefit when Ms. Sykes designs were used for their home, featured in architectural digest and a television show.

69. It would be unjust and inequitable for Defendants to retain the benefit without paying the value thereof.

## COUNT IV-DETRIMENTAL RELIANCE

70. The Plaintiffs incorporates by reference and re-alleges Paragraphs 1-69 as if fully stated herein.

71. Ms. Sykes alleges that there was an unambiguous promise to pay her for the Services Rendered.

72. My Sykes relied on that promise to her detriment by performing her duties and obligations under the Contract.

73. Ms. Sykes reliance on that promise was expected and foreseeable by the Defendants when making the promise.

74. Ms. Sykes, reliance on the promise of payment under the Contract by the Defendants resulted in financial ruin and harm by having to pay costs up front for materials, designs, products, fees and taxes while being displaced from a fire.

## PRAYER FOR RELIEF

**WHERFORE**, Plaintiffs respectfully requests the following relief:

A judgment in favor of the Plaintiffs and against the Defendants finding that Defendants have breached the terms of the Contract both express and implied, including:

1. An order requiring Defendants to pay Plaintiffs compensatory damages due Plaintiffs under the Contract which has not been paid in the amount of $109,191.45;

2. For an order awarding Plaintiff her reasonable attorneys' fees and expenses and costs of suit;

3. Award of $50,000 in damages; and

4. Any further relief as the Court deems just, equitable and proper.


Dated: April 23, 2025


Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

By: /s/ *Glori C. Bond*
Glori C. Bond


Glori C. Bond, Esq.
(gbond@thebondlegalgroup.com)
(ARDC #6329463)
THE BOND LEGAL GROUP LLC
P.O. Box 39
Matteson, Illinois 60443
(708)412-1536
*Attorney for the Plaintiff*